### THOMAS H. ALLEN *v.* THE BOARD OF LEVEE COMMISSIONERS.

1. EMINENT DOMAIN.  *Jury of inquest.  Certiorari.*
    *Certiorari* lies to bring up for review the proceedings of an inquest assessing damages under § 17 of the act of Nov. 27, 1865 (Acts 1865, p. 62), for the taking of land for the purpose of constructing a levee on the Mississippi River.

2. SAME.  *Certiorari   Verdict.   Amendment.   Circuit Court.*
    The Circuit Court cannot, in such case, amend the verdict of the jury, so as to show the improper principles on which it was based, and enable the land-owner to sue for damages on grounds not embraced therein.

3. SAME.  *Power of revisory court.   Reinvestigation of facts.*
    The clause of the statute declaring the verdict final, prevents a reinvestigation of the facts, on return of the *certiorari,* but not an examination of the record.

4. SAME.  *Record of inquest.  Compliance with statute.*
   The record of the proceedings of the inquest must show a strict compliance with the statute.

5. SAME.  *Judgment in revisory court.*
   The only judgment which the revisory court can pronounce is of affirmance, if the proceedings are correct ; if otherwise, that they be quashed.

ERROR to the Circuit Court of Washington County.

Hon. B. F. TRIMBLE, Judge.

Sect. 17 of the act incorporating the board of levee commissioners, approved Nov. 27, 1865 (Acts 1865, p. 62) provides that, when any owner of lands shall object to the building of a levee thereon or claim compensation for damage he may sustain in consequence thereof, the president of the board of levee commissioners, or such owner, may apply by written petition to the clerk of the board of police of the county, who shall forthwith issue an order to the sheriff " commanding him to summon instantly a jury of twelve disinterested freeholders or householders, resident of the county, to go upon and review the premises and inquire of the damages sustained and the compensation" due such land-owner ; that the jury after five days' notice of the time and place of meeting, having been sworn by the sheriff, " shall render their verdict and inquisition in writing, which shall be returned by the sheriff to the clerk of the board of police, and such verdict and inquisition shall be final between the parties."

*Nugent & McWillie,* for the plaintiff in error.

1. Under the statute (Acts 1865, p. 62), there is no appeal from the verdict, even when it is unjust or oppressive. The Circuit Court, however, has, by the common law, jurisdiction by *certiorari* to revise the judgments of all inferior tribunals. *Holberg* v. *Macon,* 55 Miss. 112. If the proceedings have not conformed to the statute, they will be annulled, or made to conform to the facts of the case. The office of a *certiorari* is to bring up for review final determinations of inferior tribunals exercising judicial functions, where there is no appeal, nor any plain, speedy, and adequate remedy for errors.

2. The revisory court will examine the evidence to determine whether there was any competent proof of the facts

necessary to authorize the adjudication made, and whether, in making it, any rule of law affecting the rights of the parties has been violated. *People* v. *Bush,* 40 Cal. 344 ; *People* v. *County Judge,* 40 Cal. 479 ; *In re Carlton Street,* 20 Wend. 685 ; *People* v. *Assessors of Albany,* 40 N. Y. 154; *Swift* v. *Poughkeepsie,* 37 N. Y. 511 ; *People* v. *Smith,* 45 N. Y. 772 ; *In re New Jersey Railroad Co.,* 1 Harr. 393 ; *Walbridge* v. *Walbridge,* 46 Vt. 617 ; *Hopkins* v. *Folger,* 60 Maine, 266 ; *Letcher* v. *Letcher,* 50 Mo. 137 ; *People* v. *Board of Police,* 39 N. Y. 506 ; *Wilson* v. *Lowe,* 7 Cold. (Tenn.) 153; *Crawford* v. *Scio,* 22 Mich. 405 ; *Phillips* v. *Phillips,* 3 Hals. 122 ; *Groenvelt* v. *Burwell,* 1 Salk. 263 ; 1 Arch. Pr. 229.

3. The statutory provisions, in these extraordinary cases of the exercise of the right of eminent domain, must be strictly pursued, and compensation must be paid the owner before his eviction. Permitting the president of the levee board to move for the inquest is so unfair to the owner, that this statute is not constitutional. The verdict is based on erroneous principles, and the proceedings are not in conformity with the law. Cooley Const. Lim. 528, 531, 561, 563, 564, 568 ; *Stanford* v. *Worn,* 27 Cal. 171 ; *Buffalo Bayou Railroad Co.* v. *Ferris,* 26 Texas, 588 ; *Gardner* v. *Newburgh,* 2 Johns. Ch. 162 ; *Brown* v. *Beatty,* 34 Miss. 227 ; *Isom* v. *Mississippi Central Railroad Co.,* 36 Miss. 300 ; *Sater* v. *Burlington Plank Road Co.,* 1 Iowa, 386 ; *People* v. *Tallman,* 36 Barb. 222; *Boonville* v. *Ormrod,* 26 Mo. 193 ; *Charles River Bridge* v. *Warren Bridge,* 7 Pick. 344; *Powers* v. *Bears,* 12 Wis. 213; *Shephardson* v. *Milwaukee Railroad Co.,* 6 Wis. 605.

*Percy & Yerger,* for the defendant in error.

1. The Circuit Court had no jurisdiction to grant the relief sought by the plaintiff in error. The statute provides that the verdict shall be final. In no sense can the jury of inquest be regarded as an inferior tribunal within *Holberg* v. *Macon,* 55 Miss. 112. When the State, in exercising its right of eminent domain, has provided a remedy whereby the compensation may be assessed, the constitutional requirement is satisfied, Cooley Const. Lim. 360 ; and the right of appeal may be taken away. Ib. 384. If this verdict can be reviewed in the Circuit Court, the plain words of the statute are violated.

2. If the proceeding is reviewed, however, no error is apparent therein. The several steps are in strict accordance with the statute, and the verdict follows the form prescribed in the writ. The Circuit Court, on *certiorari*, can only review the record, in which nothing indicates that the jury proceeded on improper principles. To establish the proposition by oral testimony contradicting the verdict would be incompetent. Lands in the levee district are valueless without levees, the necessity to build which may arise at any time, and be so urgent as to admit of no delay. The proceeding to condemn property essential thereto must be speedy, in order to be effectual.

GEORGE, C. J., delivered the opinion of the court.

The plaintiff in error filed his petition in the Circuit Court for a *certiorari* to bring up the record of the proceedings of an inquest assessing damages for the appropriation of his land to the construction of a levee on the Mississippi River. The petition charges that the jury made their assessment on improper principles, but that this is not ascertainable from the form in which the verdict was drawn up ; and the prayer is that the writ be granted, in order that the verdict may be amended so as to show the true ground upon which it is based, so that the petitioner may bring an action for the damages he sustained upon other and distinct grounds from those embraced in the verdict.

The demurrer to the petition was properly sustained. The writ of *certiorari* brings up the record of the proceeding sought to be reviewed, and enables the court into which it is returned to inspect the record, and determine from that alone, whether there is any just ground to disturb the proceeding sought to be reviewed. It was formerly held that the reviewing court could decide alone, as to whether the inferior tribunal had acted with regularity and within its jurisdiction. 2 Wait's Actions and Defences, p. 139, § 5. But a more liberal doctrine has prevailed in some States in later years, allowing the reviewing court to decide upon questions arising from the evidence appearing in the record. *Milwaukee Iron Co.* v. *Schubel*, 29 Wis. 444; *People* v. *Smith*, 45

N. Y. 772; *People* v. *Board of Assessors*, 39 N. Y. 81; *People* v. *Assessors of Albany*, 40 N. Y. 154. But we are not aware that any court has gone further than this, except the Supreme Court of Delaware, which has held that evidence might be introduced outside the record, to show the nature of the cause of action or defence.    *Cullen* v. *Lowery*, 2 Harr. 459; s. c. 2 Harr. 292.

In this case, however, it is insisted that a *certiorari* will not lie to revise the proceedings of the inquest, because the statute under which they took place declares that the verdict shall be final.    We do not regard this provision as prohibiting a *certiorari*, but only as preventing a reinvestigation of the facts upon a return of the writ.    This view was sustained in England under a similar provision.    2 Chitty Pr. 219, citing *Rex* v. *Jukes*, 8 T. R. 536, 544; *Rex* v. *Cashiobury*, 3 Dowl. & Ry. 35.    This writ is a highly beneficent and important remedy, and it should be allowed in all cases like this, when summary proceedings for the condemnation of property of great value are authorized by the statute, and no other available remedy to review them is permitted.    The powers granted to the jury of inquest are very extraordinary, and may be exercised as against a non-resident of the county, without other notice than assembling on the land to be condemned.    All questions of law and fact are submitted to the sole judgment of the jury, without any provision to insure a correct result other than their unaided judgment.    The only protection that the land-owner has is in confining the jury and all the officers charged with any duty in respect to the inquest strictly within the limits of the power conferred, and to an exact observance of all the provisions of the statute under which they act.    As there is no means given in the statute by which a non-observance of its requirements can be excepted to, and made a part of the record, it is essential that the record itself should show affirmatively that the statute was strictly complied with.

We cannot now look into the record of the proceedings, though a copy of it was filed with the petition.    That can be done only when the record is returned with the writ.    So we are unable to decide upon the questions presented by it,

and discussed in the brief filed for the plaintiff in error. As the sole object of the petition was to have the verdict amended, which cannot be done, we affirm the judgment. The petitioner may proceed again in the regular way, and on the return of the *certiorari*, may have the proceedings fully reviewed. If they are found correct, the proceedings of the inquest will be affirmed ; otherwise, they will be quashed, these being the only judgments which the revising court can pronounce.                    *Judgment affirmed.*