## Commonwealth *v.* A. F. Reinoehl, Appellant.

[Marked to be reported.]

*Insurance—State license—Lloyds—Penalties— Criminal law—Acts of April* 4, 1873, *and May* 1, 1876.

The words " insurance companies " in the acts of May 1, 1876, P. L. 53, and April 4, 1873, §§ 10 and 11, P. L. 20, refer only to incorporated insurance companies, and not to a Lloyd, or unincorporated association of individual underwriters.

An insurance agent who, without taking out a state license, issues policies of insurance as agent of an unincorporated association of one hundred individual underwriters of another state, is not liable to the penalty imposed by the act of May 1, 1876, § 47, P. L. 53.

Argued May 30, 1894. Appeal, No. 72, July T., 1894, by defendant, from judgment of Q. S. Lancaster Co., Nov. T., 1893, No. 121, on verdict for Commonwealth. Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM, MITCHELL, DEAN and FELL, JJ. Reversed.

Indictment for doing insurance business without license.

At the trial it appeared that defendant was an insurance agent in the employ of the Guarantee and Accident Lloyds of New York, an unincorporated association of one hundred individual underwriters of accident insurance. As their agent he issued a policy of accident insurance to B. E. Radcliff.

The insurance commissioner of Pennsylvania, alleging that the Lloyds was a foreign company of New York, doing business in this state, and that their agents must pay license, made complaint against defendant and the above indictment was found.

The court charged in part as follows :

" [The evidence offered before you on the part of the commonwealth is uncontradicted. The defence made here by the defendant is that this insurance company *is not an incorporated company,* and therefore does not come within the purview of the act of assembly which I have just read. I charge you that that is not necessary. The act of assembly does not say it should be an incorporated company, and therefore if you believe this testimony, which is uncontradicted, your verdict should be in favor of the commonwealth, of guilty in manner and form as he stands indicted.] " [1]

Verdict, guilty, and sentence thereon.

*Error assigned* was above instruction, quoting it.

*F. Carroll Brewster,* A. C. *Reinoehl* with him, for appellant. —The commonwealth produced no evidence by records or other testimony to show that the Guarantee Lloyds is an incorporated company, or company in any sense of the term.

There is no illegality in insurance underwritten by individuals : Com. v. Vrooman, 3 Dist. R. 340.

Conviction under this indictment is in violation of the constitution of the United States : Paul v. Virginia, 8 Wal. 180 ; Ward v. Maryland, 12 Wal. 418.

*W. M. Franklin,* district attorney, *W. U. Hensel,* attorney general, and *James A. Stranahan,* deputy attorney general, with him, for appellee.—The act of Feb. 4, 1870, P. L. 14, to prohibit persons, associations, etc., from issuing fire insurance

policies without authority expressly conferred by charter of incorporation given according to law, is constitutional. It is within the power of the state, and a lawful exercise of its sovereignty, to restrict insurance of any particular class to bodies corporate: 1 Biddle, Ins., p. 30 ; Porter, Ins. 361; California v. R. R., 127 U. S. 40 ; Atty. Gen. v. Ins. Co., 2 John. Ch. 371; People v. Ins. Co., 15 John. 358; Spelling on Ext. Relief, § 1806 ; Slaughter House Cases, 16 Wal. 36 ; Oleomargarine Cases, 127 U. S. 678; Act of June 1, 1889, P. L. 433; Dent v. West Virginia, 129 U. S. 114; Frorer v. People, 141 Ill. 171 ; Godcharles v. Wigeman, 113 Pa. 437 ; Randall v. State, 32 N. E. R. 304.

This company is such " an insurance company of another state " as must report to our insurance department, must be subject to its regulation, and must have its agents licensed: Wood's Ry. Law, 578; Ry. v. Penna., 21 Wal. 492; Paul v. Virginia, 8 Wal. 168 ; Fire Assn. v. New York, 119 U. S. 110.

" Company " does not necessarily mean corporation. It is a much broader term both in its popular and legal sense: Ins. Co. v. Salt & Lumber Co., 31 Mich. 346; Ins. Co. v. Stoy, 41 Mich. 385 ; People v. Howard, 50 Mich. 239 ; Green v. People, 21 N. E. R. 605 ; Powell v. Com., 114 Pa. 265; R. R. v. Cooper, 33 Pa. 278; Cooley's Const. Lim. 187 ; Burdick v. People, 36 N. E. R. 948 ; Attorney General v. Guarantee Accident Lloyds, Ohio Supreme Court, unreported; opinion of attorney general of Indiana in similar case.

OPINION BY MR. JUSTICE GREEN, July 12, 1894 :

There is no question involved in the present contention except the question whether the defendant is liable to indictment and conviction under the 47th section of the act of May 1, 1876, P. L. 53. That section reads as follows :

" Section 47. Any person transacting business within this commonwealth as the agent of an insurance company of any other state or government, without a certificate of authority, as required by the act to which this is a supplement, shall be guilty of a misdemeanor, and upon conviction thereof shall be sentenced to pay a fine of five hundred dollars, but this section shall not be held to prevent the insurance commissioner from

pursuing the remedies provided in the act aforesaid." The remainder of the section is unimportant.

The defendant's contention on the trial was that he is not "the agent of an insurance company of any other state or government," within the meaning of the section, and that the commonwealth had entirely failed to prove that the policy upon which the complaint was based was issued by a company or corporation of this or any other state. The policy in question was undoubtedly a policy executed by one hundred individual persons and contracting for individual liability of all. The point is made in argument that, although the word "company" is used in the act it must be held to mean "corporation" only, upon the plain reading of the act, and we think this proposition is entirely correct. The act of 1876 is a supplement to the act of April 1, 1873, P. L. 20, entitled an act to establish an insurance department, and is itself entitled as follows, "A supplement to an act entitled 'An act to establish an insurance department,' approved the fourth day of April, one thousand eight hundred and seventy-three, providing for the *incorporation* and regulation of insurance companies, and relating to insurance agents and brokers and to foreign insurance companies." The first section of the act provides "that any ten or more persons, citizens of this commonwealth, may associate in accordance with the provisions of this act, and form an *incorporated company* for any of the following purposes," enumerating four different purposes. The second section provides that the persons associating themselves together shall do so "by articles of agreement in writing for the purpose of forming an insurance company, which agreement shall specify the name by which *the corporation* shall be known," etc. Then follow numerous provisions regulating the details of the organization and government of companies formed under the act, including joint stock companies, and in which the companies formed are constantly described or referred to as "incorporated under this act." Thus section 34 provides that "Companies *incorporated* under this act, must be organized upon the joint stock or the mutual plan, and the power to insure upon both plans shall not exist in the *corporation* except temporarily," etc. Section 35. "If any *corporation* created under this act does not commence to issue policies within one year from the date of its letters patent, its

*corporate* powers and existence shall cease." Section 39. "The charters for *incorporations* named in this act may be perpetual or limited in time," etc. Section 40. "That no fire, marine, or fire and marine insurance company, *incorporated* by any other state or government shall be authorized to transact business in this state unless," etc. Section 42. "That every insurance company of this state, *incorporated* or organized after" April 4, 1873, "which has failed to file with the insurance commissioner a certified copy of its *charter*, shall file such copy within ninety days," etc., and "every *company* hereafter organized shall file a copy of its *charter* with the commissioner within ninety days from the date of said *charter*," etc. The 43d and 44th sections describe the organizations as *companies*, evidently meaning *corporations*, as for instance in the 44th the words occur, "with the agents of any insurance *company* not *incorporated* in this commonwealth." The 46th section imposes a penalty upon persons transacting business as insurance brokers without a certificate of authority *as aforesaid.* Then comes the 47th section which imposes penalties upon persons acting as agents for insurance companies of any other state or government. It is perfectly clear that the word "companies" is here used, as it is throughout the act, as the equivalent of the word "corporations." They are indiscriminately and constantly employed as synonyms in all the sections of the act in which they appear, and as this view is consistent with the subject of the legislation as described in the title, and in the chief enacting section, the first, which authorizes only the formation of *incorporated* companies, we do not feel at liberty to diverge from that construction, in considering the 47th section.

Moreover, the offence with which the defendant is charged is the transaction of business within this commonwealth as the agent of a foreign insurance company, without having obtained a certificate of authority as required by the act of 1873. The eleventh section of that act is the one which prohibits the transaction of business by agents until they have procured from the insurance commissioner a certificate that the company they represent has complied with the requirements of the act of 1873. A reading of that section convinces us that the companies referred to in the 11th as also in the 10th section are incorporated companies. The eleventh section refers to the

tenth in designating the kind of companies which shall obtain certificates and those companies as described in the 10th section, "any insurance company of another state or foreign government." It can scarcely be considered that this description was intended to include any other than regularly incorporated companies.

Whatever may be the other responsibilities of the defendant for acting without a certificate, we are of opinion that he is not amenable to the penal consequences of the 47th section of the act of 1876, and therefore the judgment of the court below must be reversed.

The judgment of the court below is reversed and it is ordered that the defendant go without day.