## MILLS *v.* CHURCHWELL MOTOR CO.

(Division A.   June 10, 1929.)

[122 So. 773.   No. 27887.]

*J. W. Backstrom,* of Leakesville, for appellant.

*E. W. Breland,* of Leakesville, for appellee.

COOK, J., delivered the opinion of the court.

On July 9, 1926, the appellee Churchwell Motor Company filed this suit in a justice of the peace court of Greene county, against J. H. Whatley, E. Mills, and Mary Davis, on a promissory note for seventy-five dollars, signed by the defendants, and in which it was recited as follows: "The consideration of this note is the conditional sale and delivery to me of a Ford ton truck #8,725,326 and the express condition of such sale and delivery is that the title and ownership thereof is and shall remain in said Churchwell Motor Co. until said note and interest are paid in full," etc.

Thereafter, a judgment by default was entered against the defendants in favor of the Churchwell Motor Company as plaintiff. This judgment was duly enrolled in the office of the clerk of the circuit court, and thereafter, on the 15th day of October, 1927, the circuit clerk issued an execution on this enrolled judgment, which the record shows was returnable on the 24th day of December, 1927. On the 9th day of December, 1927, the sheriff levied this execution on a Ford truck found in the possession of Elias Mills, and made the following return on the execution: "I have this day executed the within writ by levying on one Ford truck found in the possession of Elias Mills valued at one hundred fifty dollars, a claimant's issue having been interposed by T. W. Mills and bond furnished by him for said truck I delivered the said truck to the said claimant and returned the said bond with this execution. This the 9th day of December, 1927."

The appellant Tom Mills filed an affidavit, claiming to be the owner of the Ford truck levied upon, and upon the execution of the bond required by law, the property was delivered to him. The forthcoming bond executed by the claimant on the 9th day of December, 1927, recited that the truck surrendered to him had been levied on under and by virtue of an execution issued on the 1st

day of November, 1927, and returnable on the 24th day of December, 1927, and on December 24, 1927, a default judgment was entered against the claimant, and the sureties upon the bond executed by him, ordering the return of the truck to the sheriff, or, in default thereof, the payment to the Churchwell Motor Company of one hundred fifty dollars, the value of the truck as shown by the officer's return on the execution. This default judgment contained the following recital: "This cause this day came on for hearing upon the claimant's issue filed by Tom Mills in said cause and the plaintiff being present and having moved the court to cause an issue to be made up and a day fixed for the hearing and the court at the last term of this court having fixed this 24th day of December as the time of hearing this issue and having notified the claimant of said fact and issue being this day tendered claimant by the plaintiff and the said Tom Mills the claimant having failed to appear and join issue," etc.

After the time for an appeal from this judgment on the claimant's issue had expired, the claimant filed a petition for *certiorari*, attacking the validity of the judgment on the following grounds:

"1st: That no alternative judgment could be entered against the said Tom Mills and the sureties on his bond for more than the amount of the judgment and costs.

"2nd: That under section 4999 of the Code of 1906 of the State of Mississippi the time for the hearing was not fixed and notice given as provided for by said section.

"3rd: That the original judgment recovered by Churchwell Motor Company against J. H. Whatley, E. Mills and Mary Davis is void, because, it does not set out whether the Churchwell Motor Company is a partnership or a corporation and no valid execution or valid levy can be made under a void judgment.

"4th: Levy void because made after return day of execution."

Upon this petition a writ of *certiorari* was issued, and in response thereto the record of the proceedings in the justice court was filed in the circuit court. Upon the hearing of the cause in the circuit court, the claimant offered evidence tending to prove that the return day named in the execution which was sent up as a part of the record by the justice of the peace, and upon which the sheriff's return appeared, had been changed by the sheriff; and that the execution had, in fact, been levied after the return day named therein when originally issued by the circuit clerk.

The plaintiff also offered testimony tending to show that he did not have notice of the date fixed for the hearing of the claimant's issue in the justice of the peace court. On the conclusion of this hearing, the court entered a judgment reversing the judgment of the justice of the peace, for the reason that it awarded the plaintiff a recovery against the claimant and the sureties on his bond in the sum of one hundred fifty dollars, the value of the truck, instead of the sum of eighty-eight dollars and ninety-one cents the amount of the original judgment, with interest and costs. And the court thereupon entered a judgment reciting that the plaintiff in execution, the Churchwell Motor Company, "appears to be a firm composed of E. A. Churchwell doing business in the name of the Churchwell Motor Company," and ordering that the said Churchwell Motor Company recover from the claimant and his sureties on his forthcoming bond the truck in question; or, in default thereof, that it recover from the claimant and his sureties the sum of eighty-eight dollars and ninety-one cents, with six per cent interest and all costs, and "ten per cent damages on said sum as retribution given and awarded in such matters." From the judgment so entered in the circuit court this appeal was prosecuted.

Section 90, Code of 1906, section 72, Hemingway's 1927 Code, provides that in all cases tried by a justice of the

peace, and removed to the circuit court by *certiorari*, the court shall be confined to the examination of questions of law arising or appearing on the face of the record and proceedings; and that in case of an affirmance of the judgment of the justice, the same judgment shall be given as on appeal; but in case of a reversal, the circuit court shall enter such judgment as the justice ought to have entered if the same be apparent from the record; and, if not, then the circuit court may try the cause anew on its merits, and enter judgment on the *certiorari* or appeal bond in proper cases.

It will thus be noted that under the provisions of this statute the court below was confined to an examination of questions of law arising or appearing on the face of the record and proceedings of the justice court, and therefore the evidence offered to vary and contradict the record, and to show that the appellant had no notice of the date of the hearing of the claimant's issue, was inadmissible in this proceeding. The record before the circuit court, and now before us, shows the issuance and levy of an execution dated October 15, 1927, and returnable December 24, 1927. And the judgment entered by the justice of the peace contained a recital that the court had fixed December 24, 1927, as the date for the hearing of the complainant's issue, and had given to the claimant notice of the date of such hearing. The judgment entered by the justice of the peace was, however, clearly erroneous, for the reason that it awarded an alternative judgment against the claimant and the sureties on the forthcoming bond for the value of the truck, instead of for the amount of the original judgment in favor of the plaintiff in execution, and consequently the reversal of the judgment entered by the justice court was correct. The question then presented is whether or not the circuit court has entered "such judgment as the justice ought to have entered."

The appellant, the claimant, first contends that the execution levied on the truck in question was void, for the reason that the record of the justice court proceedings in the cause fails to show whether the plaintiff, the Churchwell Motor Company, is a corporation or a partnership, and, if a partnership, the names of the partners; and that, consequently, the circuit court should have entered a judgment in favor of the appellant.

The judgment entered in the circuit court recites that it appears that the Churchwell Motor Company "is a firm composed of E. A. Churchwell and doing business in the name of Churchwell Motor Company," but it does not so appear from the record of the justice court proceedings. That record is entirely silent as to whether or not the Churchwell Motor Company is a corporation or a partnership. The designation of the plaintiff as the "Churchwell Motor Company" imports a corporation, *Winner & Meyer* v. *Weems,* 77 Miss. 662, 27 So. 618, and therefore the execution is not void on its face on account of the failure of the record to disclose whether or not plaintiff in execution was, in fact, a corporation or a partnership, and any such grounds of attack on the validity of the execution cannot be raised in this *certiorari* proceeding.

The appellant next contends that the execution was illegal and void for the reason that no copy of the bill of costs specifying the particular items thereof was annexed thereto. Section 973 of the Code of 1906, section 697, Hemingway's 1927 Code, provides that in every execution for costs there shall be annexed "a copy of the bill of costs, specifying the particular items thereof, in intelligible words and figures, and each section of the law, and, if any, each paragraph or subdivision of section by virtue of which each item therein is charged; and all such executions issuing without the copy of such bill of costs shall be illegal, and the sheriff or other officer shall not execute the same," while section 974 of

the Code of 1906, section 698, Hemingway's 1927 Code, provides that: "On all executions in which any costs are included a detailed statement of such fees or costs in plain and intelligible words and figures, and of each section of the law, and, if any, each paragraph or subdivision of section by virtue of which each item thereof is charged, shall be entered therein or annexed thereto; and the sheriff or other officer receiving the same shall add thereto, in like manner, his fees, including all additional fees and costs, and shall make out a fair copy of the same and deliver it, on demand, to the person from whom he receives the money or out of whose property he makes the same."

Under the provisions of the first statute quoted above, an execution for costs only, to which a copy of such bill of costs is not annexed, is illegal, and the sheriff or other officer is prohibited from executing the same. Considering this section in connection with the next one (section 974, Code of 1906, section 698, Hemingway's 1927 Code) which requires all executions in which any costs are included to have a detailed statement of such costs entered thereon or annexed thereto, we are of the opinion that no costs can be collected under any execution which does not have such statement of costs attached thereto. We do not think, however, that the failure to annex to an execution a copy of the bill of costs renders the execution void insofar as it commands the collection of the principal of the judgment, with the interest and damages accrued thereon. The court below entered a judgment against the claimant and the sureties for the costs accrued in the justice court proceedings, and to that extent the judgment entered was erroneous.

The court below likewise erroneously ordered the claimant to surrender the truck in question to the plaintiff in execution. Section 4995, Code of 1906, section 3464, Hemingway's 1927 Code, provides that if the verdict be in favor of the plaintiff in execution, "the court shall

render judgment against the claimant and the sureties on his bond, for the restoration of the specific property to the officer, if to be had, and, if not, for the payment of its value not exceeding the amount of the original judgment to the plaintiff, and all costs.''

Under the provisions of this statute the judgment of the court below should have been against the claimant and his sureties on his bond, for the restoration of the truck to the sheriff, and, in default thereof, for the payment to plaintiff in execution of its value not exceeding the amount of the original judgment, with interest and damages.

The judgment of the court below will therefore be reversed, and a judgment will be entered here for the appellee, in accordance with the views herein expressed.

*Reversed, and judgment for appellee.*