DICKSON *et al.* v. TOWN OF CENTREVILLE.

(Division B.   May 19, 1930.)

[128 So. 332.   No. 28716.]

**D. C. Bramlette,** of Woodville, for appellants.

**Jones & Stockett,** of Woodville, for appellee.

**Ethridge, P. J.,** delivered the opinion of the court.

W. A. Dickson and Miss Lucy W. Dickson, appellants here, filed a petition in the circuit court of Wilkinson county for a writ of certiorari, alleging that they were abutting property owners on Caroline street in the town of Centreville, and that they had their property surveyed and divided into squares and offered to the public for sale, and that through said property there was laid out a continuation of said Caroline street. They then set out in their petition the fact that the mayor and board of aldermen had attempted to close said street, but alleged that the proceeding was void, under the statute, because no notice was given to the abutting property owners that damages would be assessed to them for injuries resulting from the closing of said street, and that, in fact, no damages were allowed or offered to be paid. They set forth in the petition that section 6772, Hemingway's 1927 Code, requires due compensation to be made to abutting property owners when any street or alley shall be closed or vacated, and that, if such be done without due compensation being first made, such action shall be void. Accompanying their petition is a map showing the location of the property and the street, and also a copy of the

ordinance vacating and closing said Caroline street, in which ordinance it was not recited that notice was given to the abutting property owners or that due compensation was made to them for the closing of the street. There appears, however, in the record, a letter from Mrs. Ella R. Robinson to the mayor and board of aldermen, bearing date September 2, 1929, in which it is recited that the writer is the sole person interested in that part of the street which was closed, and that said street was not necessary for the public service, and Mrs. Robinson, in said letter, offered to pay the sum of one hundred dollars, on passage of an ordinance closing the said part of Caroline street, for a quitclaim deed to that part. There is also in the record an order reciting a consideration of one hundred dollars, and pursuant thereto the mayor and board of aldermen and clerk executed a quitclaim deed to that part of Caroline street mentioned in the ordinance to Mrs. Ella R. Robinson.

When the record was returned to the circuit court, the town made a motion to quash the certiorari, alleging therein that W. A. Dickson and Miss Lucy W. Dickson are not abutting property owners to Caroline street, or to any part thereof, and have no special easement and right of user in said street other than that enjoyed by the general public, and that said street is not now, and has not been for more than ten years, used by said plaintiffs (the Dicksons) or said defendant; and that the writ of certiorari was improperly granted upon an ex parte application by petition which failed to set forth the facts, but which alleged that the plaintiffs are abutting property owners, and that in truth and in fact they are not such abutting property owners, and that, had the true facts been presented in said petition, the court would not have granted plaintiffs the said writ.

The court heard proof on this motion, and sustained it, dismissing the certiorari proceedings.

The proper way to handle such a matter is not to take issue upon the petition after the certiorari has been ob-

tained and the record returned into the court below, but to try the case upon the record so presented. However, a party has no right to certiorari who has no interest in the controversy or record to be presented.

From the evidence taken and the maps introduced it appears that Caroline street formerly was open from Main street to an old road which is still in use but in a state of ill repair, leading from the railroad by the William Winans Institute into the Natchez road connecting with La Fayette street. The Dicksons owned property north of this road and the Robinsons owned property south of the road. The Dicksons had undertaken to lay out an addition and street running north from said road and intersecting with Caroline street, and to have streets in said proposed addition running north, south, east and west intersecting the old road above referred to on the south, and the Natchez road on the west. The road was between Caroline street and the property owned by the Dicksons, and the question is whether or not the Dicksons are prejudiced by the action of the Town of Centreville in closing the street under the circumstances stated.

We think the case is controlled by the case of City of Jackson v. Welch, 136 Miss. 223, 101 So. 361, in which it was held that owners of property abutting on a certain street, by which they have adequate access to their property, which access is not destroyed by the closing of another street intersecting the first street and ending at such property, cannot complain at the closing of such other street, or the abandonment thereof, unless they have special easement in the use of such street for access purposes. It seems that the announcement in this case makes it manifest that the right result was reached, although it was reached in the wrong method.

We think the mayor and board of aldermen, having the statements of Mrs. Robinson's letter before them, that she was the only abutting owner, and that the street was not necessary, and requesting that it be closed, were warranted, if they believed her statements to be true, in act-

ing as they did. In other words, that they had something before them to show jurisdiction, and, while their judgment may have been right, or it may have been wrong, jurisdiction existed, and the order would have to be treated as valid on the certiorari.

It follows from what we have said that the judgment of the court below must be affirmed.

Affirmed.