HAMILTON *v.* LONG *et al.*

(Division A.   April 25, 1938.)

[180 So. 615.   No. 33170.]

**E. C. Sharp,** of Booneville, for appellant.

W. C. Sweat, of Corinth, for appellees.

Argued orally by **E. C. Sharp,** for appellant, and by W, **C. Sweat,** for appellee.

**McGehee, J.,** delivered the opinion of the court.

At the August, 1937, meeting of the board of supervisors of Tishomingo county, a petition purporting to contain the names of more than 20 per cent. of the qualified electors of the county was presented to the board, asking that an election be called and held to determine whether or not the transportation, storage, sale, distribution, etc., of wine and beer, as provided for by chapter 171, Laws 1934, should be excluded and prohibited in that county. At this meeting an order was passed adjudicating that the petition contained more than 20 per cent. of the qualified electors of the county; that the same was otherwise legal and regular in form; that the election should be ordered; and for reasons, unnecessary to here enumerate, the order further provided that the election would not be ordered until the October meeting of the board. At its October meeting the board further considered the petition and adjudicated all the necessary jurisdictional facts; prescribed the form of the notices that were to be published and the ballot that was to be used; and ordered the election to be held on November 13, 1937, in all respects as provided by said chapter 171 of the Laws of 1934. No objection or protest was made by the appellant or any other person at the said October meeting of the board as to the sufficiency of the petition or the validity of the order providing for the election, and no appeal was taken therefrom.

On November 1, 1937, a petition was prepared on behalf of the appellant, a local beer dealer, and duly sworn to by him, asking for the issuance of both a writ of certiorari with supersedeas to the circuit court and a writ of prohibition against the members of the board of supervisors and the election commissioners of the county to prevent the holding of the election—a dual proceeding

seeking relief of a separate and distinct character, governed by entirely different practice and procedure. This petition was presented on November 5, 1937, to a circuit judge of another district, without notice to any of the defendants, appellees herein, and a fiat was obtained for the issuance of the writs prayed for, which writs were not served on the defendants until November 10, 1937, after the publication of the notice for holding the election was completed. Thereupon, the defendants caused to be served on the appellant a written notice of their intention to present on the following day an application to the presiding circuit judge of the district to vacate the supersedeas of the certiorari and also to vacate the writ of prohibition to the extent that they undertook to prevent the holding of the election. At the time and place designated in the notice so served, the application was heard by such judge of the district, and was by him sustained over the objection of the appellant as to the power of the judge to hear the same in vacation.

The appellant assigns as error this action of the court, together with other errors alleged to have been committed when the certiorari was heard and determined at the January, 1938, term of court.

When the petition for the writs was presented to the circuit judge of the other district, there was attached thereto as an exhibit the order of the board of supervisors whereby the election had been ordered to be held, and this exhibit recited all the necessary jurisdictional facts entitling the board to order the election, in contradiction of the averment in the petition that 20 per cent. of the qualified electors had not asked for the election to be held.

It was held in the case of Planters' Lumber Co. v. Griffin Chapel M. E. Church, 157 Miss. 714, 124 So. 479, 128 So. 76, that where an "application is made for a writ of certiorari, all the facts essential to establish the right of the applicant thereto must be shown; and an order therefor can no more be made where a part of the es-

sential facts must be supplied by mere inferences which do not necessarily follow from the other facts stated than can any other order be made by a court upon that kind of an insufficient foundation.'' It is well settled that on certiorari only such errors or defects as appear on the face of the record can be considered. Allen v. Levee Commissioners, 57 Miss. 163; Dickson v. Town of Centreville, 157 Miss. 490, 128 So. 332; Board of Sup'rs of Forrest County et al. v. Melton, 123 Miss. 615, 86 So. 369; Yazoo & M. V. R. Co. v. Mississippi R. Commission, 169 Miss. 131, 152 So. 649; Federal Credit Co. v. Zepernick Grocery Co., 153 Miss. 489, 120 So. 173; Mills v. Churchwell Motor Co., 154 Miss. 631, 122 So. 773, and numerous other cases. It is only where ground for reversal appears from the record that the court can grant a hearing on the merits in the circuit court. It is provided in sections 72 and 73, Code 1930, that a writ of certiorari may be issued on good cause shown by petition, supported by affidavit, which shall operate as a supersedeas. Under the law of pleadings in such case, as in all other cases, the averments of the exhibits control; and, since no good cause was shown for the issuance of the writ of certiorari to operate as a supersedeas in this case, the same was improvidently issued. However, section 742, Code 1930, authorizes the issuance of writs of certiorari, mandamus, supersedeas, etc., by circuit judges and chancellors of districts other than that in which the cause is pending, and by any judge of the Supreme Court, in all cases where the same may properly be granted according to right and justice, returnable to the proper court. Hence the writ of certiorari, although improperly issued, was not void; the judge issuing the same not being without jurisdiction to issue such a writ. The effect of the certiorari on the issue here involved will be later discussed in the course of this opinion.

As to the writ of prohibition, it is stated in 50 C. J. 698, that, ''as a general rule, notice must be given to the interested parties before a writ of prohibition is issued,

and a permanent writ is void where issued without it.'' The effect of the writ of prohibition issued in the case at bar, if the same had not been vacated, would have been to preclude the holding of the election at the time specified in the order of the board of supervisors, and the circuit court being without power upon the hearing of the proceeding at the return term to fix another date for the holding of the election, the action of the judge of the other district was equivalent to directing the issuance of a writ of prohibition proper, in vacation and without notice. The court, or judge in vacation, is only authorized to make temporary orders prior to the hearing of a petition for a writ of mandamus; and it is provided by section 2358 of the Code of 1930 that all of the provisions regulating the proceedings on the writ of mandamus shall apply, as far as the nature of the remedy will allow, to proceedings on writs of prohibition. Neither a writ of mandamus nor a writ of prohibition proper can be issued until the clerk of the circuit court shall issue a summons for the defendant as in other actions at law, which shall be served and returned as required in other actions. And section 2351, Code of 1930, relating to mandamus, provides that: ''The petition shall stand for a declaration, and the defendant shall plead to it as if it were an ordinary action at law, and the same rules of pleading and proceeding applicable to actions in the circuit court shall be observed in this action. . . . The case shall be triable at the return-term.'' Section 2352, Code 1930, provides that, ''If the judgment be that a mandamus issue, the writ shall be issued accordingly,'' etc. In other words, even though section 742 of the Code of 1930 should, for the sake of argument, be construed to authorized the judge of another district to issue a temporary order in a proceeding for a writ of prohibition, this is not what was done in the case at bar. No temporary order was rendered in vacation to be entered on the minutes of the circuit court of the proper district, but, on the contrary, a fiat was issued directing the clerk

of the circuit court of Tishomingo county to issue the writ of prohibition proper, without prior notice to appellees, and the clerk issued the writ ordering and directing them to refrain from putting into effect or enforcing in any way, directly or indirectly, any judgment or order entered or passed by the board of supervisors on the 6th day of October, 1934, pertaining to the calling of an election for the purposes provided for.

Section 2357, Code 1930, on mandamus, which is likewise applicable to a proceeding for a writ of prohibition, only authorizes a hearing in vacation when a proceeding by mandamus is in a matter affecting the public interest, and where it is on the petition of the state by its Attorney General or a district attorney. And in such case, all the provisions of law relating to the trial and proceedings in vacation of informations in the nature of quo warranto shall apply. And when we examine the chapter on this subject, we find that vacation hearings on a petition for quo warranto can be had under section 3074, Code 1930, only after five days' notice to the interested party. We are therefore of the opinion that the writ of prohibition in this case was void, and did not affect the holding of the election in question.

Moreover, under the provisions of the chapter on mandamus in the Code of 1930, section 2348 et seq., neither the writ of mandamus nor prohibition should ever issue where there is a plain, adequate, and speedy remedy in the ordinary course of laws; and this is especially true where it is sought to prevent the holding of an election. Crittenden v. Town of Booneville, 92 Miss. 277, 45 So. 723, 131 Am. St. Rep. 518; Robinson v. Board of Sup'rs, Itawamba County, 105 Miss. 90, 62 So. 3; and Power v. Ratliff, 112 Miss. 88, 106, 72 So. 864, 868, Ann. Cas. 1918E, 1146, in which latter case the court said: "A safe rule was announced by Judge Terral in Gibbs v. McIntosh, 78 Miss. 648, 29 So. 465, that: 'it is not the policy of this state to have elections, and other political matters of government reserved to legislative discretion,

interfered with by the judges and officers of the judicial department of the government.' '' Again, in the case of Barnes v. McCleod et al., 165 Miss. 437, 140 So. 740, where jurisdiction of a court of equity was denied, and where it was contended that the writ of prohibition was the proper remedy to prevent the election commissioners from placing the name of the appellant Barnes on the ballot, and that, therefore, the chancery court ought to have transferred the cause to the circuit court in order that the latter court might convert it into a proceeding for a writ of prohibition, the court said that: ''If the cause had been transferred by the chancery court to the circuit court and by the latter court converted into a proceedings for a writ of prohibition, under the law the relief sought could not have been granted by the circuit court under that writ.'' The rule is stated in 50 C. J., 692 to be that: ''Prohibition does not lie to control election officers when there is another remedy, as by contest of the election or by appeal.'' In other words, that the right to prohibition in election matters is defeated, not by the existence, but by the adequacy, of the remedy by appeal. And in the case of State, ex rel. etc. v. Board of Sup'rs of Coahoma County, Miss., 3 So. 143, 144, it was held that such writ would not lie ''to inquire into the qualifications of electors, and the legality of the election, as affected by matters not apparent on the face of the returns.''

Responding now to the contention that the circuit court of Tishomingo county was without jurisdiction or authority to vacate or supersede the writ of prohibition until the next regular term of the court, it may be observed that section 2354, Code 1930, on mandamus, which, as aforesaid, applies to proceedings on writs of prohibition, provides that any order of the court or judge may in vacation be superseded by the judge, etc., on such terms as he may deem reasonable. But, since the writ was void, the appellant cannot complain, even if it can be said that

the above-mentioned statute did not authorize the judge to supersede the writ in vacation.

The election having been held on November 13, 1937, pursuant to the order of the board of supervisors and while the cause was still pending on the certiorari, the question now arises as to whether the court below erred in affirming, at its next regular term, the order and judgment of the board whereby the election was called. No error appeared on the face of the record existing at the time of the issuance of the writ; and under the authorities hereinbefore cited, the court was confined to an examination of the record of the proceedings before the board as complained of in the petition for the writ of certiorari. That being true, no error was committed in affirming the judgment of the board ordering the election. Neither was there error in refusing to allow the amendment to the pleadings whereby it was sought to have the registration books, poll books, and other records brought up for examination to ascertain what percentage of the qualified electors had signed the petition for the election. Evidence and testimony considered by an inferior tribunal are no part of the record on certiorari. Federal Credit Co. v. Zepernick Grocery Co., supra, and other cases hereinbefore cited.

While the holding of the election and the report thereof by the election commissioners, occurring subsequent to the issuance of the writ of certiorari, were not a part of the record proper on the hearing in the circuit court, no objection was interposed to the same being considered, and at least no harm was done appellant, since no error appears in the entire proceedings before the board up to and including the report of the election commissioners. Moreover, the judgment of the circuit court, by its terms, only affirmed the validity of the order of the board appealed from, and which we think was proper. The certiorari and supersedeas incident thereto served its proper purpose of entitling the appellant to have the judgment of the board reviewed. The integrity of such writ

and supersedeas should be, and we think was, preserved, since no right of the appellant was violated during the pendency thereof.

Affirmed.