EDMONDSON *v.* BOARD OF SUP'RS OF CALHOUN COUNTY.

(Division A.    April 3, 1939.    Suggestion of Error Overruled May 1, 1939.)

[187 So. 538.    No. 33477.]

646

Thos. **L. Haman,** of Houston, for appellant.

W. J. Evans, of Calhoun City, amicus curiae.

Patterson & Patterson, of Calhoun City, for appellee.

Argued orally by **Thos. L. Haman,** for appellant.

**Griffith, J.,** delivered the opinion of the court.

Appellant, as assignee of a large number of undelivered warrants ordered by the Board of Supervisors of Calhoun County, payable out of the road funds of District No. 4 of said county, sought by mandamus to compel the Board to deliver the warrants and to make levies of taxes sufficient to pay the same. The orders for these warrants were made at divers times from October 6, 1931, to December 30, 1935.

Proceeds from the tax levies of 1930 together with other revenues received up to October 1, 1931, were insufficient to pay the allowances made by the Board for road expenses of said district up to the latter date, so that on said date there were outstanding warrants with insufficient funds to pay them.

Instead of proceeding under the law to pay these previous obligations so far as they were valid, in the manner, as required by and under Section 5977, Code of 1930, and to draw a line by impounding the funds received after that date to be applied to current subsequent expenses, and keeping the current subsequent debts and expenses within the funds received, the Board adopted the policy of going ahead in the incurring of debts for road work without regard to whether there was sufficient money in the particular fund at the time to pay these debts, and would order warrants for these claims as they became due but without money then on hand to pay them; and as money would come into the road fund the oldest among the long series of warrants would be delivered and the money on hand paid out thereon, keeping closely up with the money as it came in; so that throughout the entire period of time above mentioned there were always

warrants which had been ordered far in excess of any money that might happen at any time to be on hand, and debts were constantly being incurred in like excess. The ordered warrants here sued on were for debts so incurred. To quote from a well framed sentence in appellant's reply brief: ''Under the system followed, old allowances were being paid from proceeds received for current fiscal years, and as the treasury was thus depleted, allowances of the current year went unpaid to become old warrants, paid generally out of a subsequent year's receipts.''

This was a credit system, in the thinnest sort of disguise, and was squarely in conflict both with the letter and the purpose of Section 5979, Code of 1930, which reads as follows: ''No warrant shall be issued or indebtedness incurred by any county or municipality unless there is sufficient money in the particular fund from which the allowance is or must be made, to pay such warrant or indebtedness. Provided, however, that such indebtedness may be incurred upon petition of a majority of the qualified electors of the county or municipality. Any such petition shall clearly state the exact amount of the indebtedness sought to be incurred and the definite purpose for which the expenditure is to be made, and the original petition shall be entered together with the names of the signers, upon the minutes of the board of supervisors or municipal council. When a county or municipal board has incurred such an indebtedness, it shall be the duty of said board to make a special levy upon the taxable property of said county or municipality for the retirement of said indebtedness, and said special levy shall be made at the time, next succeeding the expenditure, when other levies are fixed. But nothing in this section shall prevent a municipality or a county from borrowing money in anticipation of taxes as now provided by law.''

It will be seen that by that statute there are two express prohibitions: (1) That no indebtedness shall be

incurred by any county unless there is at the time sufficient money in the particular fund from which an allowance must be made to pay such indebtedness, and (2) that no warrant shall be issued unless there is at the time of its issuance sufficient money in the particular fund to pay such warrant. To incur such an indebtedness when there is presently in the fund insufficient money to pay it, the qualified electors by petition must authorize it.

We do not need in this case to pursue the feature of the issuance of warrants. It is sufficiently shown by the evidence and is in effect admitted by appellant that under the course of conduct pursued by the Board there was not at the time the several indebtednesses were incurred, and for which the warrants in question were ordered, sufficient money actually in the particular fund out of which to pay them. The incurring of such debts was expressly prohibited, therefore, and being expressly prohibited was illegal, and being illegal could not become the foundation for any action in mandamus for their payment. Mandamus is available to enforce only those rights which are legal and are complete as such, not those which are equitable—as appellant contends that in any event his are. Hook v. Bank, 134 Miss. 185, 193, 98 So. 594; American Book Co. v. Vandiver, 181 Miss. 518, 527, 178 So. 598. To uphold the contention of appellant here would be to say that the Board and those dealing with them could at their option work a repeal of the statute so far as its practical aspects are concerned; which of course cannot be sanctioned.

Appellant argues that inasmuch as Section 170, Constitution 1890, vests in the Board of Supervisors full jurisdiction over county roads, ferries, and bridges, and although the section further provides that this jurisdiction shall be exercised in accordance with such regulations as the legislature may prescribe, the latter was without power to enact a statute such as Section 5979, Code of 1930, because its application would in some instances prohibit the Board from doing any road work,

throughout a substantial period of time, although such work is essential to the proper performance of the duties of the Board in respect to road maintenance. It is necessary only to call attention to the fact that under the challenged section the Board can still go ahead and incur the necessary debts for the work if and when authorized by a majority of the electors.

Affirmed.