IN RE VALIDATION OF LINCOLN COUNTY FUNDING BONDS.

(Division A. Jan. 15, 1940. Suggestion of Error Overruled Feb. 12, 1940.)

[193 So. 26. No. 34034.]

Price & Harper, of McComb, and Price, Price & Phillips, of Magnolia, for appellants.

Hugh V. Wall and R. L. Jones, both of Brookhaven, for appellee.

Argued orally by **O. W. Phillips**, for appellant, and by **R. L. Jones** and **H. V. Wall**, for appellee.

**Griffith, J.**, delivered the opinion of the court.

At the September, 1939, term the board of supervisors of Lincoln County determined to issue the funding bonds of the county in the sum of $54,000, as provided by Section 5977, Code 1930, which section is in the following language: "Every municipality and every county in this state which has or may hereafter have legal and undisputed outstanding warrants or other obligations, and insufficient funds in the treasury to pay them or any of them, is empowered and required to at once prepare for, and take up such warrants and other obligations from the proceeds of serial bonds which shall be issued for such purpose, as is provided by law for issuance of bonds for the payment of outstanding obligations. Such bonds to pay such outstanding obligations shall be issued regardless of the amount thereof, and no election shall be held on the question of the issuance of such bonds for the payment of such obligations, but the prompt issuance of sufficient bonds to pay all of such legal and undisputed warrants or other obligations is made mandatory on such counties and municipalities."

Several taxpayers, among whom were the present appellants, appeared and objected; but the board nevertheless made the order, reciting and adjudicating therein

every ultimate jurisdictional fact required to be present and to be adjudicated in order to bring the provisions of the quoted statute into operation. No appeal was taken; but when the validation proceedings came on to be heard, the objectors again appeared and objected, and from the decree validating the bonds they have appealed to this court.

The argument has taken a wide range, and we must necessarily deal in the briefest manner with each point raised. The first point is that the order of the board seeks to issue county-wide bonds for obligations which appear on the face of the order to be, in large part, the debts of several, separate road districts. There is nothing in the record to show that during the time these obligations were incurred the public roads in the county were being maintained under any separate district system as regards the sole taxable source of and for the expenditures therein. Many counties work their roads out of county-wide road funds, but their boards require that the expenditures for the several supervisors' districts shall be set up on the county books in such manner that what each district is getting from these funds may be at any time readily ascertained. So far as anything to the contrary appears in this record, this is what was being done in Lincoln County.

The second point is that since the order recites that there are outstanding, unpaid, valid and undisputed accounts and other obligations against the county and that there are insufficient funds to pay them, the presumption or inference must follow that the county budget was exceeded, in which case, as appellants contend, the debts would be invalid. The answer to this is that this condition may have been brought about by disappointment in the collection of the expected amounts of taxes, as has so often heretofore happened throughout the state. There is no showing in the record how it was brought about here.

The third point is that Section 5977, Code 1930, is in-

valid, because it gives the board the power to issue the bonds without notice to the taxpayers and without requiring the board to hear protests of taxpayers. There are several answers to this, a sufficient one being that these objectors were present, filed their objections, and had the opportunity and right of appeal to the circuit court.

The fourth point is that under Section 13, Chapter 235, Laws 1932, the bonds could be issued to mature within, and not beyond, ten years, whereas the bonds here ordered have maturity dates running through eleven years. The statute last cited deals with funding bonds to discharge an indebtedness incurred on anticipation tax obligations, and has no reference to the bonds which may be issued under Section 5977, Code 1930.

The fifth point is a corollary of point one, and has, therefore, already been disposed of.

The sixth point is that the order failed to recite the necessary jurisdictional facts. It is said that many of the unpaid accounts mentioned in the order are for the purchase of supplies for public work in excess of $100 each, and yet the record does not disclose that these purchases were made after publication of notice for competitive bids; that the orders do not show that these several accounts had been filed, docketed and audited by the board, and that the order does not show that the unpaid accounts were of the same dignity as outstanding warrants.

The order recites: ''Whereas the Board of Supervisors of the County of Lincoln in the State of Mississippi does now find and determine that there are now outstanding the following legal and undisputed, unpaid accounts and other obligations of said county to-wit:'' (and here follow about 250 items, giving the name of each claimant, for what purpose and the amount of each account); ''and whereas the aforesaid outstanding unpaid accounts and other obligations of said county aggregate the principal amount and sum of Fifty-Four Thousand

Dollars ($54,000.00); and whereas this Board has investigated each of the aforesaid outstanding accounts, and has found each of the accounts to be a valid and undisputed obligation of Lincoln County, Mississippi; and whereas, insufficient funds are on hand in the county treasury of said county with which to take up, pay and redeem said obligations, or any of them, and that funds available and to become available from taxes levied in the year 1938 will be insufficient to take up, pay and redeem all of the aforesaid outstanding obligations, and whereas'', etc., continuing thence with all the other requisite adjudications and recitals; and there is repeated in Section 1 of the resolution portion of the order as follows: ''That each and every one of the aforesaid outstanding unpaid accounts of said County . . . be and the same is hereby approved and confirmed as a legal and undisputed outstanding obligation of said County.''

These recitals show that these accounts or claims were on file with the board, else the board could not, as a board, have examined and confined them, as the order recites was done, Pettibone v. Wells, 181 Miss. 425, 437, 179 So. 336; and when so examined and confirmed as correct and owing, this was all that was necessary to give them the dignity required for the application of Section 5977, Code 1930. It was not necessary to recite the antecedent or evidentiary facts. In an order such as this, it is the ultimate jurisdictional facts, as distinguished from the antecedent or evidentiary facts which are required to be recited in the order of the board. Pettibone v. Wells, supra. If objectors to the issuance of bonds would attack such an order on account of the antecedent or evidentiary facts, it must be done by appeal from the order.

The seventh and eighth points raised by appellants are disposed of by what has been said in regard to the others.

A motion has been made to stay disposition of the pres-

ent appeal until the circuit court has acted upon a petition for a writ of certiorari—the said petition having been filed in the circuit court subsequently to the decree of validation in the chancery court. In support of this motion appellants rely upon Pearce v. Mantachie, etc., Dist., 134 Miss. 497, 99 So. 134, wherein it was held that pending a direct appeal to the circuit court from the order of the board issuing the bonds, the chancery court shall not entertain validation proceedings. The reason for this is evident, in that the order of the board for the issuance of the bonds might be reversed and vacated on the direct appeal in the circuit court.

But when the circuit court is petitioned to act by way of certiorari under Sections 72 and 73, Code 1930, it is "confined to the examination of questions of law arising . . . on the face of the record and proceedings" The circuit court in certiorari is confined to the same, and to the very same record made by the board, which the chancery court has before it in the validation proceedings— and the same record which is before us in the present appeal from the chancery court.

A copy of the petition for certiorari in the circuit court is annexed to the motion, and it is apparent therefrom that much of the matter therein relied on would have been pertinent, and perhaps of controlling materiality, on a direct appeal from the order of the board, but are not at all available on certiorari. See Federal Credit Co. v. Zepernick Grocery Co., 153 Miss. 489, 120 So. 173; Mills v. Churchwell Motor Co., 154 Miss. 631, 122 So. 773; Hamilton v. Long, 181 Miss. 627, 180 So. 615.

The motion to stay will be overruled, and the decree of validation will be affirmed.

Affirmed.