JENKINS *et al. v.* BOARD OF SUP'RS, LEE COUNTY.

(In Banc. Dec. 9, 1940.)

[199 So. 90. No. 34415.]

**E. L. Joyner** and **F. G. Thomas**, both of Tupelo, for appellants.

**Mitchell & Clayton**, of Tupelo, for appellee.

816

**Griffith, J.,** delivered the opinion of the court.

The Third Supervisors District in Lee County is a separate road district of the county, and its existence

as such was specifically recognized and declared by Chap. 922, Sp. Laws 1926. In a suit by the State Tax Collector, a judgment was rendered against the district for $14,000; and there being no funds to the credit of the district with which to pay the judgment, the board of supervisors ordered that serial bonds of the district in the amount aforesaid be issued for the purpose of making the payment.

When the proceedings to validate the bonds came on to be heard, appellants objected upon the ground that Section 5977, Code 1930, under which the bonds were ordered does not authorize bonds for the payment of outstanding obligations unless the obligations are of a municipality or a county,—that the statute does not include obligations which are of a separate road district.

In Brown v. Simpson County Sup'rs, 185 Miss. 216, 187 So. 738, the Court held that funding bonds for a supervisor's district may be issued under Section 5977, Code 1930, and in Edmondson v. Calhoun County Sup'rs, 185 Miss. 645, 187 So. 538, it was held that Section 5979, Code 1930, applies to road districts although that section also speaks only of counties or municipalities. It is true that in those two cases the point appears not to have been made that since the cited sections speak only of municipalities and counties, there is no inclusion of districts; but had the point been made, the same result would have followed.

Sections 5977, 5978, and 5979, Code 1930, are associated sections and were designed to avoid the evils of the credit system in municipal and county fiscal management. Many of the counties work and maintain their roads as a countywide endeavor, and most of these require that the expenditures of the several supervisors' districts shall be set up on the county books in such a manner that what each district is getting from these funds may be at any time readily ascertained. In re Validation of Lincoln County Funding Bonds, 187 Miss. 392, 401, 193 So. 26. In such a case no question could well arise but that fund-

ing bonds are issuable under Section 5977, Code 1930. It is equally within the purposes of the statute, and within the evils sought to be avoided by the three cited sections, that separate road districts, managed as they are by the county boards of supervisors, shall be included in those sections, and we so hold.

The other objections raised by appellants have been examined but are not of such moment as to require discussion.

Affirmed.