STATE EX REL. NORTHWESTERN ENGINEERING CO., RELATOR, v. DISTRICT COURT ET AL., RESPONDENTS.

(No. 8380.)

(Submitted December 17, 1942. Decided January 28, 1943.)

[133 Pac. (2d) 594.]

180

*Messrs. Hall & Alexander,* for Relator, submitted an original and a reply brief; *Mr. H. C. Hall* argued the cause orally.

*Messrs. Murch & Wuerthner,* for Respondents, submitted a brief; *Mr. Clarence W. Murch* argued the cause orally.

MR. JUSTICE ERICKSON delivered the opinion of the court.

This is an original proceeding in which the relator, the Northwestern Engineering Company, seeks a writ of supervisory control to annul an order of the Cascade county court, which, by its order, refused to quash the service of summons in a suit naming the relator a party defendant.

The relator is being sued upon a tort claim. A complaint was filed alleging "that the plaintiff has not sufficient information with which to form a belief as to whether the defendant Northwestern Engineering Company is a corporation, a partnership, an unincorporated association or individuals doing business under said firm name and title * * *." A summons was issued and served according to the sheriff's return as follows: "That I personally served the within Summons issued on the first day of Sept., 1942 upon Northwestern Engineering Co., a corporation, one of the defendants named therein by delivering a copy of said Summons and Complaint to E. M. Donhowe personally in the said county of Cascade to the Managing of said corporation and Business Agent of said Company Cascade County Mont."

Relator's argument is predicated upon the requirements of section 9111, Revised Codes, as amended by Chapter 186 of the Laws of 1939. It is there provided, among other things, that service of summons must be personal unless the defendant is a foreign corporation doing business in this state. If so, service may be had upon the managing or business agent, cashier, or secretary who is within the state.

It is contended by relator that its motion to quash should have been granted because at the time its attorney filed the motion to quash the service of summons there was nothing before the court to show that the defendant was in fact a foreign corporation, or that it was doing business in the state. These requirements, relator points out, are necessary before

service on an agent would be effective to submit the defendant to the jurisdiction of the court.

The relator further contends that the record, at the time of the motion to quash, showed affirmatively that the defendant was not a corporation. To support this contention it points to the fact that in the sheriff's return above quoted the word "corporation" is stricken out. This fact, it is argued, coupled with the allegation in the motion to quash that the defendant "was and is not a joint stock company or association," affirmatively shows that the defendant is not within the class described by section 9111, Revised Codes, as such as may be served by serving an agent. That allegation in the motion is, of course, a negative, pregnant and, standing alone, would indicate that defendant is a corporation.

The relator has asked this court to annul this order of the lower court because the plaintiff has not shown the defendant (relator) to be a corporation doing business in Montana. It is true that the allegation of the complaint as to the capacity of the defendant is tantamount to no allegation, yet throughout the relator is referred to as the Northwestern Engineering "Company." The sheriff's return also refers to the defendant as a "company." We think this use of the word "company" makes out a sufficient prima facie showing that the defendant is a corporation to withstand a motion to quash which does not show to the contrary, a burden which devolves upon the movant. (See *Goddard* v. *Chicago & N. W. Ry. Co.*, 202 Ill. 362, 66 N. E. 1066; *Charles* v. *Valdosta Foundry Machine Co.*, 4 Ga. App. 733, 62 S. E. 493; *Hornsby* v. *State*, 49 Ga. App. 305, 175 S. E. 400; *Mills* v. *Churchwell Motor Co.*, 154 Miss. 631, 122 So. 773; *Mattox* v. *State*, 115 Ga. 212, 41 S. E. 709; *Commonwealth* v. *Reinoehl*, 163 Pa. 287, 291, 29 Atl. 896, 25 L. R. A. 247; 4 Thompson on Corporations, 3rd Ed., sec. 3071, p. 869, and cases there cited.)

This holding is consistent with the case of *State ex rel. Duck-worth* v. *District Court*, 107 Mont. 97, 80 Pac. (2d) 367, where it was held that the question of jurisdiction over the defendant

(which is the basic question here) is dependent upon the fact of service rather than upon the proof thereof. Unless the record shows affirmatively that the service is not good, it is the movant's obligation, if he wishes to quash service, to prove as a fact that relator here is not a corporation, and this he has not done nor even attempted to do.

The relator cannot be prejudiced by the ruling in this case, or the *Duckworth Case,* because if there is in fact no jurisdiction by proper service, then the defendant is protected by following the case of *State ex rel. Lane* v. *District Court,* 51 Mont. 503, 154 Pac. 200, L. R. A. 1916E, 1079. There it was held that one who appears specially to test the jurisdiction of the trial court by motion to quash an alleged defective service of summons and reserves his exception to an adverse ruling upon his motion, does not waive his objection to the court's jurisdiction by obeying its order directing him to file his answer within a given time.

The relator contends further that there is no showing that the defendant is or was doing business in Montana. What we have said hereinbefore applies to this contention.

The relator contends finally that since a motion to strike was sustained against the original complaint and an amendment allowed, the court was in error in directing the defendant to appear and plead to this complaint. The argument in support of this contention is that the defendant is entitled to have the amendment or amended complaint served upon it. The respondents contend that neither the motion to strike nor the amendment changes the substance of the cause of action, and therefore there was no necessity for service a second time. The order of the court designates the change as an amendment, and though the change does not seem important, we think that sections 9186 and 9134, Revised Codes, apply, and service of the amended complaint must be had before relator is required to plead further.

In view of the above the court erred in ordering the relator to answer as it did. To this extent the writ shall issue, but

otherwise the petition is denied. Each party shall pay his own costs. It is so ordered.

MR. CHIEF JUSTICE JOHNSON and ASSOCIATE JUSTICES ANDERSON and MORRIS concur.