WILLIAM D. GIBBS ET AL. *v.* WILLIAM M. McINTOSH ET AL.

DRAMSHOPS. *Local option.* *Code* 1892, § 1610. *Election. Supersedeas. Judiciary.*

The judiciary are not empowered to grant writs of supersedeas to prevent the holding of local option elections, under code 1892, § 1610, providing for submission to the voters the question whether the licensing of dramshops shall or shall not be legalized.

FROM an order made in vacation by HON. JAMES C. LONG-STREET, Chancellor.

Gibbs and others, appellants, petitioned the board of supervisors of Grenada county for an order for a local option election, under code 1892, § 1610, and McIntosh and others, appellees, opposed. The supervisors ordered an election, appointing commissioners to hold the same. Appellees petitioned Chancellor Longstreet for a supersedeas, charging illegality in the proceedings before the supervisors, and claiming that the election, if held, would be invalid. The supersedeas was granted, and the commissioners stayed. The appellants

then applied to the chancellor and obtained an appeal to the supreme court from the order granting the writ of supersedeas.

*J. H. Barksdale* and *R. Horton*, for appellants.

*Ferguson* v. *Monroe County*, 71 Miss., 532, is decisive of this case in appellants' favor. The appeal from the order of the supervisors did not supersede the election, and the chancellor should not have interfered. He had no jurisdiction or power in the premises.

*Wm. C. McLean* and *Alexander & Alexander*, for appellees.

The proceedings before the supervisors were void, and any election held thereunder would be illegal. *Collins* v. *Barrier*, 64 Miss., 21; Code 1892, §§ 1610, 1520; *Ferguson* v. *Monroe County*, 71 Miss., 524. The writ · of supersedeas was properly granted. *State* v. *Sherman*, 39 Kan., 293.

TERRAL, J., delivered the opinion of the court.

The order of supersedeas granted by the chancellor was, we think, unadvisedly made. It is not the policy of this state to have elections, and other political matters of government reerved to legislative discretion, interfered with by the judges and officers of the judicial department of the government. The supersedeas granted by the chancellor in this case has operated to defeat the election ordered by the board of supervisors, for the provisions of law as to the time of holding the election cannot now be complied with, and we know of no power in the courts to set a time different from that set by the board of supervisors in ordering the election.

Learned counsel have cited us to *State* v. *Sherman*, 39 Kan., where the power of courts in that state to restrain the holding of elections, and of fixing a new time for the holding of them when improperly delayed, is maintained, but the trend of judicial thought in this state is that elections of all sorts are

not to be interfered with by the courts. *Ex parte Wimberly*, 57 Miss., 437; *Fergerson* v. *Monroe County*, 71 Miss., 524.

*The order granting supersedeas is reversed at costs of appellees.*