STATE OF MISSISSIPPI EX REL., ETC., *v.* BOARD OF SUPERVISORS OF COAHOMA COUNTY.

[3 South., 143.]

ELECTIONS. *Contest. Mandamus and prohibition.*

Neither a writ of mandamus nor prohibition will be allowed for the purpose of enquiring into the qualification of electors, or the legality of an election, as affected by matters not apparent on the face of the returns.

FROM the circuit court of Coahoma county.

HON. J. H. WYNN, Judge.

The state, suing on the relation of the attorney-general, appellant was plaintiff in the court below; the board of supervisors, appellee, was defendant there. From a judgment in defendant's favor plaintiff appealed to the supreme court.

The case was decided in November, 1887, long before the present reporter came into office, and is now reported by order of the court, as will be seen from the opinion of the court in the case of *McHenry* v. *State, ante.,* 562. The case was this: A legislative act authorized the electors of Coahoma county to decide by an election whether or not the county seat should be changed. An election was ordered and held, resulting, as was understood, in a majority of the votes being cast against the removal, but before the result was officially declared the plaintiff began this suit for a writ of prohibition to prevent the election officers declaring the result and a mandamus to require the board of supervisors to order and cause to be held another election, both writs being asked because of alleged frauds and irregularities in the election held.

The defendants, appellees, demurred to the petition for the writs; the court below sustained the demurrer and dismissed the suit.

The statute under which the election was held contained no provision for contesting the result. The Revised Code 1880, in force when the election was held, contained a chapter, No. 70, on " Mandamus," §§ 2542–2551, specifying the cases to which the remedy was applicable and providing procedure for its enforcement. Thereafter, and before the election, the Legislature passed an act, approved February 10, 1886, providing, " That ch. 70 of the Code of 1880, be and the same is hereby amended so that the words ' or prohibition ' shall be inserted after the word ' mandamus ' wherever the same occurs, both in the title and in the several sections composing said ch. 70, Code 1880, and that this act take effect and be in force from and after its passage."

*Edward Mayes* and *Harris & Chalmers,* for appellant.

*Calhoon & Green,* for appellees.

CAMPBELL, J., delivered the opinion of the court.

It may be that, as no provision was made by the Legislature for contesting the election, it cannot be done; but, whatever may be true as to this, we are sure that whatever may be the law in this state as to the writ of prohibition, and even if it be true that now mandamus and prohibition are coexistent and concurrent remedies, the one applicable whenever the other is, it is not allowable in such proceeding to inquire into the qualifications of electors, and the legality of the election, as affected by matters not apparent on the face of the returns.

*Affirmed.*