TOWN OF SUMRALL *v.* POLK.

[79 South. 847, Division B.]

1. OFFICERS. *De facto officers. Effect of acts.*
   The lawful acts of a *de factor* officer are binding upon a third person.

2. MUNICIPAL CORPORATIONS. *Mayor. Title to office. Collateral attack.*
   The title to an office must be attacked directly if at all, and where a duly elected mayor was in possession of the office, and discharging the duties of the same, his title to such office cannot

be attacked in a prosectution for violating a city ordinance by a plea that the ordinance is invalid, because the mayor signed the ordinance without having taken the oath of office.

3. MUNICIPAL CORPORATIONS. *Mayor. Performance of duties. Failure to take oath.*

Where a mayor was duly elected to the office and was discharging the duties and exercising the powers of such office, he was an officer *de juris*, and did not lose his rights and power by failing to take the oath of office.

APPEAL from the circuit court of Lamar county.

HON. A. H. WEATHERSBY, Judge.

Cooper Polk was convicted in the Mayor's Court of the Town of Sumrall, of violating a city ordinance, and appeals.

The facts are fully stated in the opinion of the court.

*W. J. Hatton, Toxey Hall* and *C. V. Hathorn,* for appellant.

*J. W. Shanks,* for appellee.

COOK, P. J., delivered the opinion of the court.

The appellee was arraigned in the mayor's court of the town of Sumrall, upon an affidavit charging him with speeding his automobile within the limits of the town and in violation of the ordinances thereof. The mayor, after hearing the evidence, found the defendant guilty as charged and imposed a fine of three dollars.

Appellee appealed to the circuit court of Lamar county, and in that court he filed the following special plea:

"Now comes the defendant by attorney in the above-styled cause, and for a plea to the affidavit herein says that the town of Sumrall ought not to have or maintain said prosecution against him, because the pretended judgment of conviction in the court of the mayor of said town was and is null and void, for the reason that said mayor, to wit, B. M. Myres, was not,

nor was he on the 14th day of August, 1917, the mayor of said town because under and by virtue of the laws of the state of Mississippi the said B. M. Myres was required to qualify as such officer on the first Monday of January, 1917, but that the said B. M. Myres then and there failed and refused so to do, and that, by his said failure to so qualify as by law directed, a vacancy occurred in said office, and as a proximate result the proceedings had and done in said cause are without authority of law and are *coram non judice* and null and void, all of which defendant is ready to verify.''

The town thereupon filed a demurrer as follows:

''Comes now the town of Sumrall by its attorneys and demurs to the special plea of the defendant, and for cause of demurrer assigns the following cause, viz.: (1) Said plea is insufficient in law.''

The demurrer was overruled, and the town appeals to this court.

It will be observed that the plea is based upon the theory that the mayor had failed to qualify, and that a failure to qualify vacated the office. In other words, the plea merely charges that the mayor had failed to take the oath of office, and for this reason the office of mayor was vacated.

It seems to be well settled that the lawful acts of a *de facto* officer are binding upon third persons. This rule is based upon sound policy and is designed to protect the public.

The title of office must be attacked directly, if at all.

In this case the mayor was in possession of the office and discharging the duties of same, and his failure to qualify could not be raised by a plea setting up that fact.

It is not alleged that the mayor was a mere intruder or usurper. The plea, by inference, avers that the incumbent was elected mayor and was discharging the duties and exercising the powers of that office; but it is

118 Miss.—44

claimed that the mayor had not taken the oath of office. So, it appears, that the mayor was an afficer *de juris,* but it is averred that he lost his rights and powers by failing to qualify. This is not the law. The principles involved in this case are discussed in Mechem on Public Officers, vol. 1, c. 8.

The demurrer will be sustained, and the cause remanded.

*Reversed and remanded.*