WILBY, et al. *v.* BOARD OF SUPERVISORS OF JONES COUNTY

No. 39941 February 13, 1956 85 So. 2d 195

*Lampkin H. Butts, Quitman Ross,* Laurel, for appellant.

*Beard, Pack & Ratcliff,* Laurel, for appellee.

Holmes, J.

W. A. Wilby and W. H. Hines, adult resident citizens of Jones County, filed their petition in the Circuit Court of the First Judicial District of Jones County against the Board of Supervisors of Jones County, seeking the issuance of a writ of prohibition prohibiting the said Board of Supervisors from calling, or proceeding

to call, an election on the question of the abolition of the county court of said county, and praying the issuance of a temporary order restraining the said board, its clerk, agents, servants and employees from proceeding further with the calling of an election or entering any order purporting to do so relative to the question of the abolition of the county court of said county. The temporary restraining order as prayed for was issued without notice to the board of supervisors. The motion of the board to annul and dissolve the temporary restraining order was overruled. The regular judge having recused himself, it was agreed by the parties that the cause on its merits be tried before the Honorable M. M. McGowan, Circuit Judge of the 7th Judicial District. Upon the hearing of the cause, the special judge dismissed the petition for a writ of prohibition, and granted an appeal with supersedeas. The cause was finally heard on the petition, answer, and an agreed statement of facts.

The only issues involved are issues of law and are (1) whether the Board of Supervisors of Jones County has the authority and jurisdiction to call an election on the question of the abolition of the County Court of Jones County, and (2) whether the remedy by a writ of prohibition lies under the facts of this case.

Jones County is a separate circuit court district, composed of two judicial districts. The County Court of Jones County was established under the provisions of Chapter 131 of the Laws of 1926. According to the last Federal Census, the urban population of Jones County was 28,617, and its rural population was 28,618. In the first judicial district, the rural population exceeds the urban population. In the second judicial district, the urban population exceeds the rural population. Thus in one of the judicial districts, the rural population exceeds the the urban population, and in the other judicial district the urban population exceeds the rural population, but in the combined judicial district and in the

county as a whole, the rural population exceeds the urban population.

Section 1618 of the Mississippi Code of 1942, in its pertinent parts, provides as follows:

"In any county having a county court . . . . , and which county has two judicial districts in which the rural population exceeds the urban population according to the last Federal census,. . . . . on petition of ten per cent of the qualified electors of such county, addressed to the board of supervisiors of such county, an election shall be called by such board of supervisors and conducted in the way and manner now provided by law for a special election for the purpose of determining whether or not such county court shall be abolished in said county. . . ."

Seeking to act under the quoted statute, certain individuals presented a petition to the board of supervisors of Jones County, purporting to contain the signatures of ten per cent of the qualified electors of the county, and praying that a special election be called by the board for the purpose of determining whether or not the County Court of Jones County should be abolished. On the filing of this petition, and before the board had passed thereon or made any determination as to the number of qualified electors purporting to have signed the same, the appellants instituted this action by filing their petition for a writ of prohibition. Prior to the filing of the petition for a writ of prohibition, there was no appearance by the appellants before the board of supervisors objecting to, or challenging, the sufficiency of the petition of the qualified electors or the jurisdiction of the board to act thereon.

 █ The first question presented is whether or not under the facts of this case Jones County comes within the provisions of the quoted portion of Section 1618 of the Mississippi Code of 1942. It is the contention of the appellants that it does not. It is the contention of the appellee that it does. It is admitted that considering the

population of the county as a whole, the rural population exceeds the urban population, and if the statute is to be construed as applying to the population of the county as a whole, then Jones County is within its provision.

It is the contention of the appellants, however, that the statute should be so construed that a county having two judicial districts is not within its provisions unless in each of the judicial districts the rural population exceeds the urban population. In other words, the appellants contend that the statute should be construed as though it read: "In any county having a county court. . ., and which county has two judicial districts, *in each of which* the rural population exceeds the urban population according to the last Federal census, etc."

Of course, if the phrase "in which" modifies the word "county" so as to cause the statute to read, "in which county the rural population exceeds the urban population," the meaning of the statute would be free from difficulty. We think, however, that it makes no difference whether the phrase "in which" modifies the word "county", or whether it modifies the words "judicial districts" so as to cause the statute to read "in which judicial districts", it manifestly has reference to both districts, and, therefore, to the combined population of both districts. There is nothing in the statute to indicate that the legislature intended to make a separate classification of judicial districts in determining the total rural and urban population. In fact, the census reports, made a part of the agreed statement of facts, show no separate classification of judicial districts in the enumeration of the rural and urban population of a county. It is not to be reasonably concluded, therefore, that the legislature intended to make such separate classification in the enactment of the statute in question.

Further, a county court is something that affects the county as a whole. Whether or not it shall be retained or

abolished is a matter of concern to all of the qualified electors of the county. It is not reasonable to conclude that the legislature, in fixing the requisites as to population, intended to apply these requisites to each judicial district separately, any more so than it intended to apply them to each beat in the county considered separate and apart from the other. The legislature was dealing with a matter of county wide concern, and we think that in fixing the requisites as to rural and urban population it had reference to the population of the county as a whole, and that the statute should be so construed. We are of the opinion, therefore, that under the admitted facts, the rural population of Jones County as a whole exceeds the urban population, and the said board of supervisors was vested with jurisdiction to act upon the petition filed with it by the qualified electors and to call an election on the question of the abolition of the County Court of Jones County.

 We come next to the question as to whether the remedy by writ of prohibition lies under the facts of this case. We do not think it does. In the case of Holmes, et al v. Board of Supervisors, et al, 199 Miss. 363, 24 So. 2d 867, the Court said: "The writ of prohibition is extraordinary and remedial and may issue only from a court of original jurisdiction and lies only to control an inferior court or tribunal in the attempted exercise of judicial powers in excess of its jurisdiction."

 In the case of Crittenden v. Town of Booneville, 92 Miss. 277, 45 So. 723, this Court said:

"A writ of prohibition is an extraordinary writ, and is proper to be issued only in cases of extreme necessity. It should appear to the judge issuing the writ that it is the only adequate remedy of the party making the application therefor. It will not lie in a case which may be redressed in the ordinary course of judicial proceeding and is not to be made a substitute for any method of obtaining the relief sought. If a complete remedy lies by

appeal, certiorari, mandamus, or in any other manner, this writ should be denied.

In 42 Am. Jur., p. 143, we find the following: "The stage of the suit may also have a bearing on the question, as where the writ is sought while the suit is still in an interlocutory stage so that the court may again take up the question of jurisdiction."

In 42 Am. Jur., p. 172, it is said as follows: "As a general rule, a writ of prohibition will not be issued to an inferior court unless the attention of the court whose proceedings it is sought to arrest has been called to the alleged lack or excess of jurisdiction, the foundation of the rule being the respect and consideration due to the lower court and the expediency of preventing unnecessary litigation. This requirement is made by rule of court in some jurisdictions."

The following is found in 50 C. J., page 695: "Although in a few jurisdictions there is authority to the contrary, as a general rule, before a writ of prohibition will be granted, it must appear that the petitioner has applied to the inferior court for relief. Until the question of jurisdiction has been raised without success in the inferior court, a superior court will not ordinarily entertain an application for a writ of prohibition."

It is the universal rule, recognized by this Court, that the writ of prohibition should never issue where there is another adequate and complete remedy at law. In Hamilton v. Long, 181 Miss. 627, 180 So. 615, this Court said:

"Moreover, under the provisions of the chapter on mandamus in the Code of 1930, Section 2348, et seq., neither the writ of mandamus nor prohibition should ever issue where there is a plain, adequate and speedy remedy in the ordinary course of law; and this is especially true where it is sought to prevent the holding of an election."

In the case of Gibbs v. McIntosh, 78 Miss. 648, 29 So. 465, the Court said;

"It is not the policy of this state to have elections, and other political matters of government reserved to legislative discretion, interfered with by the judges and officers of the judicial department of the government."

It appears from the record in this case that the appellants instituted this action immediately upon the filing with the board of supervisors of the petition by the qualified electors and before the board had reached any determination as to the sufficiency of said petition. The appellants filed with the board no objection to said petition and presented no contest thereof, nor did they present any challenge to the jurisdiction of the board to act upon said petition. A complete and adequate remedy was available to the appellants to contest the proceedings before the board of supervisors, and if aggrieved by the judgement and decision of the board, to appeal therefrom as provided by Section 1195 of the Mississippi Code of 1942.

It is the well settled rule, as shown by the authorities hereinbefore cited, that the remedy by a writ of prohibition does not lie where there is a plain, adequate and speedy remedy in the ordinary course of law. It is further the general rule as shown by the authorities cited that the writ of prohibition will not be issued to an inferior court unless the attention of the court whose proceedings it is sought to arrest has been called to the claimed lack or excess of jurisdiction.

It follows from what has been said that we are of the opinion that the learned trial judge was correct in dismissing the petition for a writ of prohibition, and the judgment of the court below is therefore affirmed.

Affirmed.

*McGehee*, C. J., and *Hall, Lee and Ethridge*, JJ., concur.