# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2007-M-02193-SCT

*RE: ELECTION FOR HOUSE OF*
*REPRESENTATIVES DISTRICT 71, JOHN*
*REEVES, PETITIONER*

| | |
|---|---|
| DATE OF JUDGMENT: | 12/11/2007 |
| TRIAL JUDGE: | WINSTON KIDD |
| COURT FROM WHICH APPEALED: | HINDS COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | WILLIAM E. SPELL |
| ATTORNEYS FOR APPELLEES: | CARLTON W. REEVES |
| | PRECIOUS T. MARTIN |
| | LISA M. ROSS |
| FOR ELECTION COMMISSION: | BEN J. PIAZZA |
| NATURE OF THE CASE: | CIVIL - ELECTION CONTEST |
| DISPOSITION: | REVERSED AND RENDERED - 01/31/2008 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**EN BANC.**

**DIAZ, PRESIDING JUSTICE, FOR THE COURT:**

## STATEMENT OF THE CASE

¶1.     On December 11, 2007, John Reeves filed a "Petition for Emergency Extraordinary Writ or, in the alternative, Mandamus, or, in the alternative, for Interlocutory Appeal with Immediate Stay, and for Other Relief" with this Court.  Reeves asked this Court to vacate the writ of mandamus issued by the Circuit Court of Hinds County compelling the Hinds County

Election Commission to certify the results of the House District 71 election and the writ of prohibition cancelling the partial re-vote ordered by the Commission. This Court entered an order on December 13, 2007, vacating both the writ of mandamus and the writ of prohibition issued by the trial court, and stating that an opinion would issue in due course. This is that opinion.

### FACTS AND PROCEEDINGS BELOW

¶2. In the general election held on November 6, 2007, Wooten ran against Reeves, the incumbent, for the District 71[1] seat in the Mississippi House of Representatives. Wooten defeated Reeves by a vote of 1,455 to 1,258. Reeves filed a "Petition Contesting Election" with the Hinds County Election Commission. On November 20, 2007, the Hinds County Election Commission met and voted four to one to not certify the results of the House District 71 election because of alleged, material irregularities in the voting process in four split precincts.[2] The Commission then voted four to one to have a re-vote on December 18, 2007, in the four split precincts where the alleged irregularities occurred.

¶3. On December 4, 2007, Wooten filed a "Petition for Writ of Mandamus, Writ of Prohibition, Emergency Hearing, and/or in the alternative, Complaint for Temporary Restraining Order and Preliminary Injunction" in Hinds County Circuit Court. The circuit court ruled that the Commission was required to certify the results of the District 71 election

---

[1] District 71 is composed of portions of Hinds and Rankin Counties.

[2] The four split precincts, all located in Hinds County, are 72A, 92B, 93B and 96A. Connie Cochran, Chairwoman of the Hinds County Election Commission, listed the following irregularities in an affidavit: Incorrect poll books were used in Precinct 92; Precinct 92 did not open on time; and voters in Precincts 72, 93 and 96 were prevented from voting in the District 71 race because they were given the wrong ballot.

pursuant to Mississippi Code Sections 23-15-601 (Rev. 2007) and 23-15-603 (Rev. 2007). Further, the court held that the Commission was without authority under Mississippi Code Section 23-15-593 (Rev. 2007) to order another election in the four split precincts because there were no failures to comply with Mississippi Code Annotated Section 23-15-591 (Rev. 2007) or Section 23-15-895 (Rev. 2007). Accordingly, the court issued a writ of mandamus requiring the Commission to certify the results of the election and issued a writ of prohibition cancelling the scheduled December 18 re-vote.

¶4.     Reeves filed his petition with this Court on December 11, 2007, pursuant to Mississippi Rule of Appellate Procedure 21. Reeves contended that the trial court improperly issued the writ of mandamus because certifying election results is a discretionary function performed by county election commissions. He also argued that the trial court erred in issuing the writ of prohibition cancelling the re-vote because the Commission did not exceed its authority in ordering the re-vote pursuant to Section 23-15-593.

¶5.     In response, Wooten argued that the Commission was required by law to certify the results of the District 71 election, and thus the issuance of the writ of mandamus requiring the Commission to certify the election was proper. Wooten also argued that the Commission exceeded its authority in ordering a partial re-vote because the requirements of Section 23-15-593 were not met. Therefore, she contended, the issuance of the writ of prohibition cancelling the re-vote was proper.

## DISCUSSION

¶6.     All questions of law are considered de novo by this Court. *Saliba v. Saliba*, 753 So. 2d 1095, 1098 (Miss. 2000).

3

**I. Did the trial court err in issuing the writ of mandamus requiring the Commission to certify the election?**

¶7.	County election commissions are required by statute to certify election results within ten days of the election: "[T]he commissioners of election shall canvass the returns, ascertain and declare the result, and, within ten (10) days after the day of the election, shall deliver a certificate of his election to the person having the greatest number of votes [.]" Miss. Code Ann. § 23-15-601 (Rev. 2007). They are also required to deliver the returns of each election to the Secretary of State. Miss. Code Ann. § 23-15-603 (Rev. 2007).

¶8.	However, if a county election commission determines that there were irregularities in the voting process "to such an extent that it is impossible to arrive at the will of the voters" at a particular precinct, the commission can have the ballot box "thrown out" and then "order another election to be held at the box." Miss. Code Ann. § 23-15-593 (Rev. 2007). Accordingly, the commission does not have to certify the election results within ten days of the election if it determines that such irregularities have occurred or if it orders a re-vote to be held at the precinct where the irregularities occurred. *Cf. Jefferson Davis County Democratic Executive Comm. v. Davies*, 912 So. 2d 837, 839 (Miss. 2005) (county executive committee refused to announce, in accordance with Mississippi Code Section 23-15-597 (Rev. 2001), name of nominee in primary election because of voting irregularities).

¶9.	In *Hinds County Democratic Executive Comm. v. Muirhead*, 259 So. 2d 692 (Miss. 1972), this Court stated the following with respect to the issuance of writs of mandamus:

> The proper function of mandamus is to supply a remedy for inaction on the part of an official or commission to whom it is directed. It is not a substitute for, nor intended to serve, the purpose of other modes of review. It can direct an official or commission to perform its official duty or to perform a

4

*ministerial act*, but it cannot project itself into the *discretionary function* of the official or the commission. Stated differently, it can direct action to be taken, but it cannot direct the outcome of the mandated function.

*Id.* at 694-95 (emphasis added). Because an election commission does not have to certify election results within ten days of the election if it finds that irregularities in the voting process have occurred that prevent the will of the voters from being determined, the certification of election results is a discretionary function, not a ministerial act. Accordingly, the trial court erred in issuing a writ of mandamus compelling the Commission to certify the results of the District 71 race.

**II. Did the trial court err in issuing the writ of prohibition cancelling the partial re-vote?**

¶10. Mississippi Code Section 23-15-593 (Rev. 2007) provides:

When the ballot box is opened and examined by the county executive committee in the case of a primary election, or county election commissioners in the case of other elections, and it is found that there have been failures in material particulars to comply with the requirements of Section 23-15-591 and Section 23-15-895 to such an extent that it is impossible to arrive at the will of the voters at such precinct, the entire box may be thrown out unless it be made to appear with reasonable certainty that the irregularities were not deliberately permitted or engaged in by the managers at that box, or by one (1) of them responsible for the wrong or wrongs, for the purpose of electing or defeating a certain candidate or candidates by manipulating the election or the returns thereof at that box in such manner as to have it thrown out; in which latter case the county executive committee, or the county election commission, as appropriate, shall conduct such hearing and make such determination in respect to said box as may appear lawfully just, subject to a judicial review of said matter as elsewhere provided by this chapter. Or the executive committee, or the election commission, or the court upon review, may order another election to be held at that box appointing new managers to hold the same.

In **Barbour v. Gunn**, 890 So. 2d 843 (Miss. 2004), this Court held that the trial court properly ordered another election to be held pursuant to Section 23-15-593 where "an entire

sub-precinct was not allowed to vote." *Id.* at 847-48. We stated that there could be no "interpretation of the 'will of the voters,' because [the] voters were never allowed to vote." *Id.* at 848.

¶11. In the present case, the Hinds County Election Commission determined that voters in three split precincts in District 71 were not allowed to vote because they were given the wrong ballots. The Commission concluded that because voters in these three split precincts were not allowed to vote in the District 71 race, there could be no interpretation of the will of the voters at these precincts. The Commission's conclusion was fully supported by our holding in *Barbour*. Therefore, the Commission did not exceed its authority under Section 23-15-593 in ordering a re-vote to be held at these three precincts.

¶12. The Commission also found that another split precinct in District 71 used incorrect poll books and did not open on time. It determined that such irregularities precluded an interpretation of the will of the voters. This Court finds that the Commission's determination that the will of the voters in this precinct could not be interpreted was proper. Accordingly, the Commission did not exceed its authority in ordering a re-vote at this precinct.

¶13. "The writ of prohibition is extraordinary and remedial and may issue only from a court of original jurisdiction and lies only to control an inferior court or tribunal in the attempted exercise of judicial powers in excess of its jurisdiction." *Wilby v. Bd. of Supervisors*, 226 Miss. 744, 750, 85 So. 2d 195, 198 (1956) (internal quotation marks and citation omitted). Because the Commission did not exceed its authority in ordering a re-vote to be held in the four split precincts, the trial court erred in issuing a writ of prohibition cancelling the re-vote scheduled for December 18, 2007.

6

## CONCLUSION

¶14.    For the foregoing reasons, the judgment of the trial court is reversed, and the writs

of mandamus and prohibition are vacated.

¶15.    **REVERSED AND RENDERED.**

        **SMITH, C.J., WALLER, P.J., CARLSON, DICKINSON, RANDOLPH AND LAMAR, JJ., CONCUR.  EASLEY, J., CONCURS IN RESULT ONLY.  GRAVES, J., NOT PARTICIPATING.**