RANDOLPH, Presiding Justice,
concurring in result only:
¶ 38. I agree that the dismissal of this case should be affirmed, however, upon grounds unrelated to a failure to timely file. If the petition was subject to judicial review, I would side with Justice Coleman’s analysis, for Mississippi Code Section 23-15-923 is substantially different from its predecessor statute, which was repealed, not revised or reenacted. Indeed, the entire election code was overhauled in a comprehensive manner. Thus, I would conclude that the trial judge erred in relying upon Kellum ⅛ interpretation of a prior statute as the basis for dismissal. However, the primary issue that must be decided is for the Legislature, not the courts of this state.
¶ 39. An examination of the pleadings reveals that the issues raised and relief sought were substantially broader than those in a normal, stand-alone election contest. The petitioner additionally sought injunctive relief against the Mississippi State Republican Executive Committee (SREC), County Republican Executive Committees (CREC), and state circuit clerks, all nonparties to the proceeding. The record offers no evidence that SREC, CREC, or any of the state circuit clerks were served or on notice to defend the petition. An injunction could not have been granted in their absence. Beyond that shortcoming, the relief sought by: (1) the suspension and holding in abeyance the certification of Cochran by the SREC; and (2) the suspension and holding in abeyance the placement of Cochran’s name on the general election ballot, presents a glaring problem. It is obvious that granting an injunction as to (1) or (2) would run afoul of our caselaw. This Court has determined that:
“It [a court] can direct an official or commission to perform its official duty or to perform a ministerial act, but it cannot project itself into the discretionary function of the official or. the commission. Stated differently, it can direct action to be taken, but it cannot direct the outcome of the mandated function.” Thus, a court could, if necessary, compel by mandamus an election commission or executive committee to perform its statutory duty upon its failure to do so, or prohibit it by way of injunction or writ of prohibition from exceeding its statutory authority in some respect; use of an extraordinary writ, however, cannot be extended to actually telling the commission what action to take.
In re Wilbourn, 590 So.2d 1381, 1385 (Miss.1991) (quoting Hinds County Democratic Exec. Comm. v. Muirhead, 259 So.2d 692, 695 (1972)).
¶ 40. Following the injunction plea lies the crux of this case: whether a political party or candidate can dictate how Mississippi Code Section 23-15-575 can be enforced, vel non. Such a determination would require a court to determine if the claim is justiciable. If the claim is in the *1003 nature of a political question or requires a legislative determination, it is not subject to judicial review. This Court has explained that Mississippi follows the political-question doctrine which originated from Marbury v. Madison, providing:
The province of the court is, solely, to decide on the rights of individuals, not to enquire how the executive, or executive officers, perform duties in which they have a discretion. Questions, in their nature political, or which are, by the constitution and laws, submitted to the executive, can never be made in this court.
Ghane v. Mid-South Inst. of Self Defense Shooting, Inc., 137 So.3d 212, 217 (Miss.2014) (quoting Marbury v. Madison, 5 U.S. (1 Cranch) 137, 170, 2 L.Ed. 60 (1803)). See also In re Hooker, 87 So.3d 401 (Miss.2012). Under the political-question doctrine, this Court cannot review “controversies which revolve around policy choices and value determinations constitutionally committed for resolution to the halls of Congress or the confines of the Executive Branch.” Ghane, 137 So.3d at 217 (quoting Japan Whaling Ass’n v. American Cetacean Soc., 478 U.S. 221, 230, 106 S.Ct. 2860, 92 L.Ed.2d 166 (1986)). Baker v. Carr set forth six factors which “indicate the existence of a nonjusticiable political question.” Ghane, 137 So.3d at 217-18 (quoting Baker v. Carr, 369 U.S. 186, 217, 82 S.Ct. 691, 7 L.Ed.2d 663 (1962)). The first factor, “a textually demonstrable constitutional commitment of the issue to a coordinate political department,” applies to the case sub judice. Id.
¶ 41. An examination of the history of Section 23-15-575 and its predecessors reveals substantial changes by the state Legislature. Petitioner pleads that SREC and CREC failed to enforce Mississippi Code Section 23-15-575. It reads, “[n]o person shall be eligible to participate in any primary election unless he intends to support the nominations made in the primary in which he participates.” Miss.Code Ann. § 23-15-575 (Rev. 2007). Section 23-15-575 was derived from 1942 Code Section 3129, which experienced no changes from its adoption in 1906. See Miss.Code § 3717 (1906). Before the century-old law was repealed, it provided the following:
No person shall be eligible to participate in any primary election unless he intends to support the nominations in which he participates, has been in accord with the party holding such primary within the two preceding years, and is not excluded from such primary by any regulation of the State Executive Committee of the party holding such primary. Any member of the party holding such primary, or any primary election officer, may challenge any person offering to vote, and cause him to answer, under oath, questions relating to his qualifications. Any elections officer of the precinct may administer oath to such challenged person; and false testimony given upon such inquiry shall be perjury and punishable as such; nor shall any elector be allowed to vote who has sold or offered to sell his vote or influence, directly or indirectly for the support or defeat of any candidate or measure voted on .that year, nor any who that year has paid or offered to pay anything for another’s vote or influence for or against any candidate or measure.
Miss.Code. § 3129(1942).
¶42. Until the statute was repealed, the law provided a mechanism for enforcement at the polls, complete with the penalty of perjury for a violation. When today’s statute was enacted, the enforcement teeth were extracted, a legislative policy choice.
¶43. In 2006, the Democratic Party launched a constitutional challenge to Section 23-15-575. See Miss. State Democratic Party v. Barbour, 529 F.3d 538 (5th Cir.2008); Miss. State Democratic Party *1004 v. Barbour, 491 F.Supp.2d 641 (N.D.Miss.2007), overruled on other grounds by Barbour, 529 F.3d 538. Since that time, neither of the major political parties has sought to adopt procedures to enforce Section 23-15-575, nor has the Legislature addressed the concerns of the United States district judge. In Barbour, before deciding that Section 23-15-575 was unconstitutional, United States District Judge Pepper wrote:
Mississippi law regarding the power to change election procedures supports the plaintiffs’ position that regardless of what actions the Executive Committee have taken, they can only act when expressly authorized by the Mississippi Election Code.... “All nominations for state, district, county and county district officers made by the different parties of this state shall be made by primary elections. All primary elections shall be governed and regulated by the election laws of the state in force at the time the primary election is held.”
Barbour, 491 F.Supp.2d at 658-59 (quoting Miss.Code Ann. § 23-15-291).
¶ 44. He forewarned that the “election procedure or lack thereof’ was a problem that the Legislature “may want to address.” Barbour, 491 F.Supp.2d at 660. He found that:
Since the State of Mississippi does not have mandatory party registration, unlike the twenty-nine other States with a closed primary, and since Mississippi does not have mandatory voter identification for all primary elections in order to verify that the voter in question is in fact a member of the subject party, there is no practical way to enforce § 23-15-575 language_
Barbour, 491 F.Supp.2d at 660. This continues to be true, especially in light of the Legislature having repealed the enforcement provisions and taken no action since. The state Legislature is the only state magistracy with that power. Out of respect for our Constitution and that branch of government, courts should stand down. See Miss. Const, art. 1, § 1-2. The Legislature has failed to fashion a law to effectively prevent party raiding. The allegation is that the State Republican Party failed to prevent party raiding. But any political party is estopped from creating rules that do not conform with the State Election Code. For a court to declare otherwise would overstep its authority.
¶ 45. Finally, under the United States Constitution, it is the State Legislature, not the judiciary, which must establish election laws. “The Times, Places and Manner of holding Elections for Senators and Representatives, shall be prescribed in each State by the Legislature thereof; but the Congress may at any time by Law make or alter such Regulations, except as to the Places of chusing Senators.” U.S. Const, art. 1, § 4, cl. 1.
¶ 46. Courts are often called upon to determine if a statute, rule, or regulation has or has not been breached, but only the Legislature has the power to establish the ground rules. This Court has stated, “ ‘It is not the policy of this state to have elections and other political matters of government reserved to legislative discretion to be interfered with by the judges and officers of the judicial department of the government....’” In re Wilbourn, 590 So.2d 1381, 1384 (Miss.1991) (quoting Gibbs v. McIntosh, 78 Miss. 648, 649, 29 So. 465, 465-66 (1901)).
¶47. Finally, courts do not determine political questions. See Ghane v. Mid-South Inst. of Self Defense Shooting, Inc., 137 So.3d 212, 217 (Miss.2014) (quoting Japan Whaling Ass’n v. American Cetacean Soc., 478 U.S. 221, 230, 106 S.Ct. 2860, 92 L.Ed.2d 166 (1986)). Given these truths, this petition should have been dismissed by the special appointed judge. A *1005 court has no authority to provide a set of dentures for this “paper tiger,” i.e., Section 28-15-575. The trial court should have dismissed the petition for lack of jurisdiction.[1]

. Courts must raise issues of jurisdiction, even if the issue must be raised sua sponte. Common Cause of Miss. v. Smith, 548 So.2d 412, 414 (Miss.1989).